UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x Index No.: 14-CV-5911(FB)(VMS)

SHIRLEY DUNN,

                                                     **FIRST AMENDED**
                                                     **COMPLAINT**
                        Plaintiffs,      **DEMAND FOR JURY TRIAL**

    -against-

THE CITY OF NEW YORK, and
Detective Rogelio James, Tax No. 925509,
Narcotics Borough Brooklyn North and Sergeant Adan Munoz,
Tax No. 935372 Narcotics Borough Queens New York City

                                  Defendants.
------------------------------------------------------------x

Shirley Dunn, by her attorney, Chinyere Onwuchekwa, Esq., complaining of The City of New York, New York Police Department, and Police Officers "Detective Rogelio James Tax # 925509 of Narcotics Borough Brooklyn North and New York City Sergeant Adan Munoz, Tax No. 935372 of the Narcotics Borough Queens New York City, upon information and belief, alleges as follows:

**JURISDICTION**

1. This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and

by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3. Venue is proper because the acts complained of herein occurred in Brooklyn Kings County, City and State of New York, which is in the Eastern District of New York.

## PARTIES

4. During all times relevant and material to this Complaint, Plaintiff was, and still is, a legal resident of the United State, residing in Brooklyn, City and State of New York.

5. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6. During all times relevant and material to this case, Defendant Police Officers were employees of Defendant City of New York through its Police Department.

7. During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York and NYPD are as such responsible for the

individual Defendants' actions.  Defendant City of New York and NYPD are further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

**FULFILMENT OF ADMINISTRATIVE PREREQUISITES**

8. All conditions precedent for the filing of this action has been complied with: written Notice of Claim, sworn to by Plaintiff, was served upon Defendant City of New York to the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the District Court.

9. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10. The case arose out of the incidents that transpired on January 29, 2014, at approximately 5:45 A.M., at 1470 Sterling Place, Apt A1 in Brooklyn, New York, County of Kings, City and State of New York.

11. On the early morning of January 29, 2014, at approximately 5:45 a.m., Plaintiff was at home located at 1470 Sterling Place, A1, in Brooklyn, having just woken up from sleep and reading her bible, when she heard a several loud and deafening bang on her entrance door, followed by a series of loud commands to lie down and face the ground.  Plaintiff's front door was busted open by Officers of the 77th Precinct, and in rushed more than 10 Police Officers with guns, shields and batons drawn, wearing bullet-proof vests and plain-clothed.

12. Plaintiff, a 72 year old retired lady, was asked to lie down and face down. Upon complying, these officers, with guns drawn, picked her up and slammed her to the wall, twisted her hands backwards and applied handcuffs on her, then tossed her to the floor, in her living room. After applying handcuffs, the officers proceeded to ransack Plaintiff's apartment and in the process scattered her personal belongings all over the place, damaging and destroying as they went along. Plaintiff's apartment was completely torn apart causing several other items to be missing. Plaintiff was also subjected to bodily search. She was then held in this position until the search concluded around 8:00am that morning.

13. Following the ransacking, which turned out nothing incriminating, Plaintiff was then released and relieved of the handcuffs, and left to lick her wounds, at approximately 8:00 am that morning. The Officers left Plaintiff in a state of shock and confusion, having never been so subjected in her entire 72 years of life.

14. Plaintiff has been damaged by the actions of the City of New York and its agents, was falsely arrest, falsely imprisoned and for over 2 hours, had her home invaded and damaged for no just cause, lost respect and dignity before family and friends, physically and emotionally damaged, and therefore seeks compensation as a result.

15. In light of the above, the Plaintiffs have been damaged by the actions of the City of New York and its agents, was arrested and imprisoned for over 2 hours without probable cause, and without reason to believe that she

committed an offense. The Plaintiffs suffered and continues to suffer mental anguish, reputation injuries, psychological and emotional distress as a result of the actions that gave rise to this lawsuit.

### AND AS FOR A FIRST CAUSE OF ACTION

16. The Plaintiffs repeats and re-alleges paragraphs 1 through 15 as if each paragraph is repeated verbatim herein.

17. The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for her constitutional rights.  The Defendants, acting under color of State Law, violated the Plaintiff's right to be free from unreasonable seizures, secured to her under the Fourth and Fourteenth Amendments to the Constitution, and their right not to be deprived of liberty without due process of law, secured to them under the Fifth and Fourteenth Amendments.  By denying Plaintiff's Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983.

18. As a result of this action the Plaintiff was denied her freedom and liberty and suffered emotional and mental distress thereof.  The Plaintiff claims compensatory damages in the amount of $600,000. In addition, because the defendant police officers acted with malice and intentional disregard for her Constitutional rights when they subjected her to unreasonable search and seizure, Plaintiff seeks $600,000 in punitive damages.

**AND AS FOR A SECOND CAUSE OF ACTION**

19. Plaintiff repeats and re-alleges paragraphs 1 through 18 as if each paragraph is repeated verbatim herein.

20. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for approximately 2 hours without probable cause, deprived her of her rights, remedies, privileges, and immunities guaranteed to her by said law.

21. Plaintiff was denied her freedom and liberty, and therefore suffered emotional and mental distress as a result. The Plaintiff claims compensatory damages in the amount of $600,000 for the violation of her rights under Common Law and for her emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for her Constitutional rights when they arrested and imprisoned her, Plaintiffs seeks $600,000 in punitive damages.

**AND AS FOR A THIRD  CAUSE OF ACTION**

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is repeated verbatim herein.

23. The defendant police officers were acting as agents of the City of New York when they committed the acts complained of herein, therefore, under the principal agent/*respondeat superior* rule, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained in the First and Second Causes

of Action

24. The Plaintiff claims compensatory damages in the amount of $600,000 for the violation of these rights, which resulted in mental and emotional injuries. In addition, because the Defendants acted with malice and intentional disregard for their Constitutional rights, Plaintiff seeks $600,000 in punitive damages.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i. $600,000 in compensatory damages against all the defendants, jointly and severally;

ii. $600,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii. attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

iv. such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
April 14, 2015

By: _____/s/_____
CHINYERE ONWUCHEKWA (CO-1939)
Attorney for Plaintiff
255 Livingston Street, 3rd Floor
Brooklyn, NY 11217
(718) 643-8800